IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MENDEZ,<br><br>    Petitioner,<br><br>  v.<br><br>DERRAL ADAMS, Warden, California Substance Abuse Treatment Facility and State Prison,<br><br>    Respondent. | No. C 03-00022 WHA<br><br>**ORDER RE LETTER OF DECEMBER 30, 2005, FROM PETITIONER'S COUNSEL** |

## INTRODUCTION

Petitioner's counsel has written the Court, asking it to withdraw or vacate its order denying petitioner's application for a writ of habeas corpus. Petitioner's counsel asks that the Court then refile the same order. He states that the purpose of doing so would be to reset the 10-day clock during which parties are allowed to make motions under Federal Rules of Civil Procedure 52(b) (to amend findings of facts and judgment accordingly) and 59(e) (to alter or amend a judgment). Such a maneuver by the Court would be a gimmick designed to circumvent the jurisdictional limits on its powers under Rules 52(b) and 59(e). The time during which petitioner could file such motions expired January 3, 2006. The request therefore is **DENIED**.

## STATEMENT

On December 16, 2005, the Court denied petitioner's application for a writ of habeas corpus and entered a separate judgment in respondent's favor. On that same day, the two

documents were emailed to counsel for petitioner and for respondent. On December 28, 2005, the Clerk of the Court sent another copy of the order to petitioner's counsel via U.S. mail. He received it December 29, and responded with the instant request on December 30 (Letter from Richard Such, petitioner's counsel, to the Court (Dec. 30, 2005)).

**ANALYSIS**

Federal Rule of Civil Procedure 52(b) allows a court to amend its findings of fact, make additional findings and amend the judgment accordingly if a party files a motion for such action no later than ten days after entry of judgment. Likewise, parties must file any motion to alter or amend a judgment not later than ten days after entry of judgment. FRCP 59(e).

In computing any period of time prescribed by the Federal Rules of Civil Procedure, the day of the act from which the period of time begins is not included. The last day of the period is, however, included, unless it falls on a Saturday, Sunday or legal holiday, or when weather or other conditions have made the clerk's office inaccessible. When the period of time is less than eleven days, only normal work days are included. FRCP 6(a). The designated period of time cannot be enlarged for actions under FRCP 52(b) and 59(e). FRCP 6(b).

In the instant case, the ten-day periods began on (and included) December 19, 2005, covered the five days of that work week, the four days of the following work week (which began December 27) and January 3. The last day on which petitioner could file motions under FRCP 52(b) and 59(e) was January 3, 2006, contrary to the assertion by petitioner's counsel that the period had run by the time the Court's order was mailed to him on December 28. He had five days to work on such motions before they were due. In any case, the Court provided notice to petitioner's counsel of its order via email just after noon on December 16, 2005.

The Court must strictly construe the ten-day limitation under Rule 59(e). *McConnell v. Marine Eng'rs Beneficial Ass'n Med. and Benefits Plan*, 778 F.2d 521, 523 (9th Cir. 1985). The Court has no power to extend it; the deadline limits the Court's jurisdiction. *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993); *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1983). The ten-day period under Rule 52(b) also is a "strict" one that, once passed, deprived

the Court of jurisdiction to consider the Rule 52(b) motion. *Gribble v. Harris*, 625 F.2d 1173, 1174–75 (5th Cir. 1980).

One avenue still open to petitioner is a FRCP 60 motion for relief from the judgment and from the order denying the petition. Rule 60 motions do not toll the period during which an appeal must be taken, unlike Rule 52(b) and Rule 59(e) motions.

## CONCLUSION

For the reasons stated above, petitioner's request is **DENIED**. In the future, all such requests must come in the form of a motion, to assure proper documentation and a normal opportunity for the other party to oppose it.

**IT IS SO ORDERED.**

Dated: January 4, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE