IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MENDEZ,

    Petitioner,

  v.

DERRAL ADAMS, Warden, California Substance Abuse Treatment Facility and State Prison,

    Respondent.

 /

No. C 03-00022 WHA

**ORDER GRANTING PERMISSION TO FILE LATE NOTICE OF APPEAL**

## INTRODUCTION

In this state habeas case, petitioner Michael Mendez moves for permission to file his notice of appeal late. Petitioner has shown excusable neglect. The motion therefore is **GRANTED**. The notice of appeal filed January 18, 2006, is effective.

## STATEMENT

The Court entered judgment against petitioner December 16, 2005. The judgment was put on the docket the same day.

About 4:15 p.m. on Friday, January 13, 2006, petitioner's counsel placed a notice of appeal in a mailbox in San Francisco, addressed to the Court. On Saturday, January 14, 2006, he mailed another copy from a post office in Palo Alto. Monday, January 16, 2006, was Martin Luther King Day, a court holiday. On Tuesday, January 17, 2006, petitioner's counsel telephoned the Clerk's office at about 1 p.m., and was informed that no notice of appeal had yet been filed in the above-captioned case. He called again at about 4:02 p.m., after the Clerk's

1 office had closed and was therefore unable to reach anyone to ask if the notice had been filed.
2 The next day, January 18, 2006, the notice received in the mail from Palo Alto and was filed
3 (Such Decl.).

4      Petitioner moved for an extension of time to file the notice on January 30. Respondent
5 opposes the motion.

## ANALYSIS

7      A would-be appellant in a civil case such as the instant one must file a notice of appeal
8 with the district clerk within thirty days after entry of judgment. FRAP 4(a)(1)(A). Entry takes
9 place when the judgment is set forth in a separate document and entered on the docket. FRAP
10 4(a)(7)(A)(ii). The thirty-day time period is measured in calendar days, beginning with the first
11 day after the judgment is entered and includes the last day of the period unless it falls on a
12 weekend, a legal holiday such as Martin Luther King Day, or a day when the clerk's office is
13 not accessible. FRAP 26(a)(1), (3), (4).

14      The judgment in the instant case was entered December 16, 2005. The thirty-day period
15 began running December 17. The final day of the period was January 17, 2006, because the
16 fifteenth was a Sunday and the sixteenth was Martin Luther King Day. The notice therefore
17 was due January 17. It was filed one day late.

18      A district court may extend the time to file an appeal if a party so moves no later than
19 thirty days after the time prescribed by Rule 4(a) expires and that party shows excusable neglect
20 or good cause. FRAP 4(a)(5)(A).

21      In the instant case, petitioner a timely motion and claims that the one-day delay in filing
22 the notice was due to the excusable neglect of his attorney. He does not claim that there was
23 good cause for the late filing. The only contested issue on this motion is whether counsel's
24 neglect in not filing the notice on time was excusable.

25      In evaluating whether neglect was excusable, a district court must consider "(1) the
26 danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on
27 judicial proceedings, (3) the reasons for the delay, including whether it was within the
28 reasonable control of the movant, and (4) whether the moving party's conduct was in good

2

1  faith." Relief is not necessarily barred by attorney negligence. The ultimate decision is
2  equitable. It is entrusted to the district court's discretion because that court is in a "better
3  position" than the Ninth Circuit "to evaluate such factors as whether the lawyer had otherwise
4  been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of
5  representation of the lawyers . . . and the likelihood of injustice if the appeal was not allowed."
6  *Pincay v. Andrews*, 389 F.3d 853, 855–57, 859–60 (9th Cir. 2004) (en banc).

7  Respondent concedes that it will not suffer prejudice if the extension is granted. He also
8  admits that petitioner acted in good faith. The delay was only one day — practically the
9  shortest delay possible. It had no impact on judicial proceedings beyond the instant motion.
10 The main issue therefore is petitioner's reason for delay.

11 Petitioner's counsel neglected to file the notice on time because he entrusted to the
12 Postal Service the task of delivering a letter crosstown on the second delivery day after its
13 deposit in a mailbox. The Postal Service advises customers that first-class mail takes one to
14 three days for delivery. *See* U.S. Postal Service, *A Customer's Guide to Mailing*, *at*
15 http://pe.usps.com/text/dmm100/choosing.htm (last viewed Feb. 7, 2006) (of which this Court
16 takes judicial notice pursuant to FRE 201(c)). If the mailing had taken three days, it would
17 have arrived at the courthouse late in the afternoon on January 18, 2006. It was therefore
18 foreseeable that the notice would be received late. It was not, however, inevitable.

19 Counsel for petitioner previously had not been diligent in filing papers in the instant
20 case on time. He asked this Court for relief from the ten-day limit on filing motions for
21 reconsideration. The Court had no power to do so. The motion therefore was denied. At the
22 request of petitioner's counsel, the briefing schedule and argument were delayed in November.
23 He was granted permission to file his traverse late. He was granted permission to file his
24 amended petition late. Respondent requested and received two extensions of the deadlines by
25 which he had to file his answer. Respondent has shown no propensity to capitalize on petty
26 mistakes. Although the Court firmly believes its decision on the merits was correct, and has not
27 yet considered whether to issue a certificate of appealability, there is nevertheless a remote
28

chance that petitioner would prevail on at least one claim if he is allowed to appeal. There is thus some possibility of injustice if the appeal is not allowed.

In summary, the following *Pincay* factors and considerations weigh against granting the instant motion. The reason for the delay generates little sympathy. A notice is a simple document, requiring little time to prepare once a decision to appeal has been made. Petitioner's counsel was not diligent in ensuring that the filing was received on time. He could have mailed it sooner. He could have hand-delivered it. He could have engaged a courier service, although such expenses strain the budgets of some habeas practitioners. He has a poor record of complying with original deadlines.

The following *Pincay* factors and considerations weigh in favor of granting the instant motion. The neglect was in good faith and resulted in a minimal delay. Granting the motion would not prejudice respondent. There is a possibility that petitioner would be denied relief unjustly if he is not allowed to file his notice late.

## CONCLUSION

Using the *Pincay* factors and considerations as guides, this Court finds that the neglect was excusable. Petitioner is not represented on his appeal so there is no reason to believe that any further neglect due to his counsel will ensue. The motion therefore is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 8, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4