IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>DERRAL ADAMS, Warden, California Substance Abuse Treatment Facility and State Prison,<br><br>Respondent. | No. C 03-00022 WHA<br><br>**CERTIFICATE OF APPEALABILITY ON CERTAIN CLAIMS AND ORDER DENYING CERTIFICATE ON OTHER CLAIMS** |

## INTRODUCTION

Petitioner Michael Mendez requests a certificate of appealability to challenge this Court's rejection of his petition for a writ of habeas corpus. Petitioner requests that nine claims be certified for appeal. Four of the claims merit consideration by the Ninth Circuit. The other five do not. The request for a certificate is therefore **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The Court denied petitioner's request for a writ of habeas corpus and entered judgment against him and in favor of respondent Darrel Adams on December 16, 2005. On February 8, this Court granted petitioner an extension of time to file his notice of appeal and accepted jos previously filed but untimely notice. On February 13, he requested a certificate of appealability.

## ANALYSIS

A person appealing a denial of habeas relief must first obtain a certificate of appealability. The request initially passes to the district court judge who made the final order. Federal Rule of Appellate Procedure Rule 22(b)(1). That judge may grant the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). The certificate may also be granted if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further." Any doubt is resolved in the petitioner's favor. *Lambright v. Stewart*, 220 F. 3d 1022, 1025 (9th Cir. 2000) (citations omitted).

At least one of these qualifications are met for each of the following claims. The first is based on the Due Process Clause. The final three are founded on that clause and on the Sixth Amendment right to a jury trial:

1. The state admitted evidence of prior convictions to show petitioner's propensity to commit the charged offenses;

2. The state gave jury instructions 2.50.01 and 2.50.1 from the California Jury Instructions – Criminal (1998 version);

3. The state did not submit to the jury the question of whether the charged offenses did or did not occur on a single occasion;

4. The state did not submit to the jury the question of whether petitioner qualified for probation under California Penal Code Section 1203.066(c).

This order therefore constitutes a certificate of appealability as to these claims.

The following claims, however, failed to present an arguably viable theory of a constitutional violation.

Petitioner claimed he was denied procedural due process because, he contends, there was substantial evidence that raised an objective doubt as to his mental competency to stand trial and yet the trial court did not hold an evidentiary hearing to resolve the issue. The only evidence suggesting that petitioner was mentally incompetent was a psychologist's report that

petitioner had low intelligence and a learning disability. Such problems are insignificant when compared with the magnitude of those that disqualify a person from standing trial. *See Pate v. Robinson*, 383 U.S. 375 (1966); *Drope v. Missouri*, 420 U.S. 162 (1975). No hearing therefore was constitutionally mandated.

Petitioner also asserted that he was denied effective assistance of counsel because his lawyer did not negotiate a successful plea deal or persuade petitioner to accept the one offered. In fact, petitioner's counsel negotiated a reasonable plea bargain and made extra efforts to persuade petitioner that it was a good one. Counsel's performance came nowhere near falling "below an objective standard of reasonableness." *See Strickland v. Washington*, 466 U.S. 668, 686–89 (1984).

Petitioner also claimed that his rights to due process and a jury trial were violated by the court's denial of his motions to represent himself. Petitioner, however, made those motions far too late — after trial had begun — to come near the protections of *Faretta v. California*, 422 U.S. 806 (1975) and *Marshall v. Taylor,* 395 F.3d 1058 (9th Cir. 2005), the decisions that set the constitutional standards on this issue.

Petitioner also contended that his rights to due process and to confront witnesses against him were violated when the court allegedly did not make a proper finding of reliability before admitting into evidence videotaped interviews of his victims. There is not, however, any applicable rule that would have required the judge to assess the reliability of non-scientific evidence before it was admitted. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986). That task is assigned to counsel conducting cross-examination. *Watkins v. Sowders*, 449 U.S. 341, 347–48 (1981). Furthermore, the victims appearing in the videotapes testified at trial. There could be no Confrontation Clause problem. *See Crawford v. Washington*, 541 U.S. 36, 59 & n.9 (2004).

Finally, petitioner charged that his rights to due process and a jury trial were violated when the judge told jurors that they could find that petitioner used force, an element of one count, if the act was against the will of the alleged victims and that there were differences in age

and size between them and petitioner. In fact, this instruction was a verbatim recital of black-letter California law on this element. No constitutional issue was raised.

## CONCLUSION

For the reasons stated above, **THE CERTIFICATE ISSUES ON THE CLAIMS LISTED AS NOS. ONE THROUGH FOUR**, above. **NO CERTIFICATE ISSUES FOR THE OTHER CLAIMS**.

**IT IS SO ORDERED.**

Dated: February 21, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE